**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 02-cv-1004-JLK

VIRTUAL CLOUD SERVICES, INC.,
a Colorado corporation,

      Plaintiff,

v.

CH2M HILL, INC., a Florida corporation,
and TIMOTHY INGRAM,

      Defendants.

---

**STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCLOSURES OF CONFIDENTIAL MATERIALS TO MOCK JURORS AND OTHERS**

---

Plaintiff Virtual Cloud Services, Inc. and Defendants CH2M Hill and Timothy Ingram agree that this Stipulation and Supplemental Protective Order Governing Disclosures of Confidential Materials to Mock Jurors and Others ("Supplemental Protective Order") shall govern the disclosures of confidential materials to mock jurors and others in this case, as set forth below.

## RECITALS

1.     The Parties in this action have variously identified and marked certain information "CONFIDENTIAL," or "CONFIDENTIAL- RESTRICTED" (collectively "Restricted Information") pursuant to the Stipulation and Order Protecting Confidential Material entered in this case on June 17, 2002 (the "2002 Protective Order"). The 2002

Protective Order restricts the use of such information solely for purposes of this litigation and imposes various levels of restriction on the disclosure of such information to certain persons.

2. As the parties prepare for trial, they have determined that it is in their best interests and in the interest of judicial economy for them to conduct confidential "mock jury" or "focus group" presentations on the claims asserted so as to better prepare for trial and perhaps to narrow some of the issues. It is not possible, however, under the 2002 Protective Order to conduct such "mock juror" or "focus group" presentations because vast amounts of the information necessary to understand the issues are restricted under the 2002 Protective Order. Additionally, the participants for such presentations are not listed as permissible recipients of the information.

3. In recognition of these issues, the parties have met and conferred, and agree that the 2002 Protective Order should be supplemented with an additional protective order that permits disclosure of restricted information to participants in "mock juror" or "focus group" presentations under the conditions set forth in this stipulation.

## **STIPULATED SUPPLEMENTAL PROTECTIVE ORDER**

The parties, by and through their respective attorneys-of-record, stipulate and agree as follows:

1. For purposes of Supplemental Protective Order, a participant in a "mock juror" or "focus group" presentation is defined as a person who is selected to participate, and does participate, in a private, confidential presentation of issues, arguments and/or

information concerning this case for purposes of evaluating the parties' claims and defenses in a process that is commonly referred to as a "mock juror" or "focus group" session.

    2.    Any person deemed to be a participant in a "mock juror" or "focus group" presentation must first meet the following requirements:

        a.    The person agrees not to disclose to anyone, absent permission from the Court or by agreement of the parties, any information that he or she receives in a "mock juror" or "focus group" presentation; and

        b.    The person agrees to be subject to the restrictions in this Stipulated Protective Order, to be subject to the jurisdiction of this Court, and so signs the undertaking set forth in Exhibit A.

    3.    Without prejudice to the right of any party to move for relief from the restrictions of this Supplemental Protective Order, unless and until the Court rules or the parties otherwise agree, and only pursuant to the conditions and restrictions set forth herein, the parties may disclose to participants in a "mock juror" or "focus group" presentation information that has previously been designated "CONFIDENTIAL," or "CONFIDENTIAL—RESTRICTED," *i.e.*, "Restricted Information."

    4.    Before any person receives, as a participant in a "mock juror" or "focus group" presentation, any Restricted Information, the

parties will ensure that the participant meets the criteria set forth above in Paragraph 2 and that each person signs the undertaking set forth in Exhibit A hereto.  Counsel for the parties will maintain a list of all persons who have received Restricted Information as participants in a "mock juror" or "focus group" presentation, and counsel will also maintain custody of the original signed copies of the undertakings set forth in Exhibit A.

5. The identities of the participants in a "mock juror" or "focus group" presentation will not be disclosed to any opposing party or counsel for an opposing party until such time as this action is finally resolved.  Upon resolution of this case, and upon the written request of counsel for an opposing party, a list of participants in any "mock juror" or "focus group" presentation will be provided to opposing counsel, along with copies of the undertakings signed by those participants.  A list of documents designated by any party as "RESTRICTED – CONFIDENTIAL" shall be provided to opposing counsel in advance of any "mock juror" or "focus group" presentation.  If a party designating a document "RESTRICTED – CONFIDENTIAL" objects to such a document being provided to any "mock juror" or "focus group" presentation, that designating party shall file an appropriate motion with the Court and, pending

the resolution of the motion, that document shall not be used in any "mock juror" or "focus group" presentation.

6. Before and after any "mock juror" or "focus group" presentation, the participants in such presentations will be advised and reminded of their obligations not to disclose any information that they receive as part of the presentation.

7. Following any "mock juror" or "focus group" presentation, no participant will be permitted to retain any notes or any copies of any materials containing or disclosing Restricted Information.

8. During any "mock juror" or "focus group" presentation, the parties will ensure that no person who is not otherwise permitted to receive Restricted Information, depending on its level of designation, is present for the discussion of such Restricted Information.

9. This Supplemental Protective Order does not prevent a party or third party from applying to the Court for relief from the restrictions in this Supplemental Protective Order or from applying to the Court for further or the 2002 Protective Order.

10. Participants in a "mock juror" or "focus group" presentation may use Restricted Information only in connection with

such presentations, and the participant may make no other use of the information and may not disclose it to any third parties outside of the "mock juror" or "focus group" presentation.

11. These restrictions on participants in "mock juror" or "focus group" presentations concerning their use or disclosure of Restricted Information will survive the conclusion of this litigation and, after conclusion of this litigation, the Court will retain jurisdiction for the purpose of enforcing this Supplemental Protective Order.

12. The restrictions and obligations set forth herein relating to the use or disclosure of Restricted Information in "mock juror" or "focus group" presentations do not apply to any information which the parties agree, or the Court rules, (a) was or becomes public knowledge other than as a result of disclosure by the receiving party or the participant or (b) has come or shall come into the receiving party or the participant's legitimate possession independently of the party that originally designated the information as restricted. Such restrictions and obligations will not be deemed to prohibit discussions with any person of any Restricted Information if the parties agree or the Court rules that said person already had or obtained possession thereof legitimately.

Dated this 20th day of October, 2006.

BY THE COURT:

  s/John L. Kane
United States District Judge


| s/ Scott R. Bauer | s/ David W. Stark |
|---|---|
| Scott R. Bauer, Esq. | David W. Stark |
| Moye\|Giles | Heather Carson Perkins |
| 16 Market Square, 6th Floor | FAEGRE & BENSON LLP |
| 1400 16th Street | 3200 Wells Fargo Center |
| Denver, CO  80202-1473 | 1700 Lincoln Street |
| | Denver, Colorado 80203 |
| Sarah B. Wallace, Esq. | (303) 607-3500 |
| Petrie Schwartz LLP | |
| 1775 Sherman Street, Suite 2500 | |
| Denver, CO 80203 | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiff Virtual Cloud Services, Inc.* | *CH2M Hill and Timothy Ingram* |