IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **02-cv-01004-JLK**

**VIRTUAL CLOUD SERVICES, INC.**,

    Plaintiff,

v.

**CH2M HILL, INC., a Florida corporation, and TIMOTHY INGRAM**,

    Defendants.

---

**ORDER**

---

Kane, J.

In anticipation of the further trial preparation/jury instructions conference set for this Wednesday at 2 p.m., the parties should prepare to argue Defendant's Motion in Limine re "Yardstick"/Microsource measure of damages (Doc. 256) as well as the following regarding Jury Instructions:

1. <u>Damages under the CFAA Claim</u>. After spending hours over the weekend parsing this claim and its proper characterization under existing law and in the parties' proposed jury instructions, I am struck by the difficulties presented in presenting this claim, accurately, to the jury. Specifically, given the 2001 amendment to § 1030(g) and the parties' serious disputes regarding the limitations on civil damages available under the Act since then, I question the continued viability, and if not the viability then the utility,

1

of instructing the jury on this claim under the circumstances of this case.  In any event, the parties should come to Wednesday's conference prepared to wrestle with the 21-pages of disputes in their proposed jury instructions on CFAA damages and the limitations and statutory prerequisites for recovering them.  In the interim, I am reserving most of the instructions on CFAA damages for further consideration, most likely after additional briefing by the parties.  I ask the parties to consider, even if the statute is applicable, whether it is of any use in this case considering Plaintiff's varying claims already provide for the imposition of liability for the same conduct underlying Plaintiff's CFAA claim, under much more straightforward damages theories.  In other words, does the CFAA claim merely "gild the lily?"

2.   Estoppel Defense.  Leaving aside the relatively mechanistic dispute as to whether either side can find authority supporting or rejecting the application of this affirmative defense to intentional torts, I question its viability as a matter of fact as an affirmative defense to most of the claims in this case.  As an affirmative defense, the assertion that Virtual Cloud is estopped from obtaining any relief on its claims comes into play only if the jury finds CH2M Hill, in fact, liable to Virtual Cloud on the merits of those claims.  Because the defense requires proof that that Virtual Cloud was aware of "all material facts" related to any unlawful act of CH2M Hill to be colorable, I question how that knowledge can be established when Virtual Cloud's claims are premised on the existence of, for example, facts diametrically opposed to such "knowledge."  Knowledge of "all material facts" would mean that Virtual Cloud knew, for example, that Ingram and

CH2M Hill were *mis*appropriating its trade secrets, or *improperly* interfering with its prospective business relations, and ratified that tortious misconduct anyway.  With respect to Virtual Cloud's CFAA claim, the defense would require proof that Virtual Cloud "knew" CH2M Hill and Ingram accessed its software with an "intent to defraud" it, but ratified that, as well.  Unless CH2M Hill is prepared to prove the irrational arc of their estoppel defense as applied to each of Virtual Cloud's claims (except, perhaps, its breach of contract claims, where it may more rationally be asserted), I see no reason to clutter the jury instructions with it.

3.    <u>Verdict Forms</u>.  Given my varied rulings on the jury instructions and the numerous changes made to them as a result, the parties are asked to redraft their proposed Verdict Forms and resubmit them on or before Monday, March 12, 2007, reflecting those changes.  The Forms should be submitted as separate documents, and be filed on the CM-ECF system in .pdf form and submitted electronically to chambers in WP format.  The parties are encouraged to draft the Verdict Forms with as little customized word-processing/formatting code as possible.  The Forms will inevitably require further revision as the trial proceeds, and the inclusion of text blocking and extensive customized tabs make editing difficult.

Dated: February 26, 2007.    **s/ John L. Kane**
SENIOR U.S. DISTRICT JUDGE