IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **02-cv-01004-JLK**

**VIRTUAL CLOUD SERVICES, INC.**,

    Plaintiff,

v.

**CH2M HILL, INC., a Florida corporation, and TIMOTHY INGRAM**,

    Defendants.

## ORDER ON SPECIFIC JURY INSTRUCTIONS

Kane, J.

Having considered further various objections and legal argument made at yesterday's jury instructions conference, I issue the following rulings:

    1.    <u>Instruction 3.2.3 - Trade Secret Defined</u> - Defendants propose adding the following sentences as a final paragraph of the 2/26/07 version of Instruction 3.2.3:

> Only confidential information acquired during the course of employment may be protected, not the general knowledge of a business operation.  Information already known to competitors or readily ascertainable elsewhere cannot be protected as confidential.

I will add the first sentence, but find the second duplicative of the first, argumentative and tending to rehash the *Rivendell*, *Harvey Barnett* dialogue the parties have kept up throughout the instructions process.  My instruction will add the phrase, "by trade secret

law" after the word protected in Defendants' proposed sentence.

    2.    <u>Instruction 3.2.X</u> - Defendants' proposed 3.2.X entitled "Trade Secret Must not be Disclosed" is REJECTED. The issue raised may be argued to the jury in the context of Instruction 3.2.4 and Virtual Cloud's efforts, or lack thereof, to guard or protect the secrecy of the information.

    3.    <u>Defendants' Proposed 3.2.X on Damages (1) - Research and Development – Limitation</u>. The limitation set forth in paragraph (1) of the proposed instruction regarding the recoverability only of those R & D costs actually lost to Plaintiff may be argued, and need not be set forth in a separate instruction. Paragraph (2) begs the same *Rivendell - Harvey Barnett* argument already addressed. The Proposed Instruction is REJECTED.

    4.    <u>Instructions 3.2.8 & 3.2.9 - Misappropriation of Trade Secrets - Damages</u> - Defendants' objections based on the *Sonoco* case were taken into account in drafting the original (2/26/07) modified instruction and are reconsidered here. The Instruction, as drafted, stands. I note Defendants concern that permitting actual loss *"and"* unjust enrichment allows double recovery is misplaced. In essence, the principle against double recover ensures that a plaintiff will recover no more than the larger of the two proven amounts (i.e., will recover only that portion of any unjust enrichment of defendant, if any, in excess of the amount of demonstrated out of pocket losses). Here, Virtual Cloud would never recover its research and development costs, for example, more than once, whether those costs are articulated as a loss to Virtual Cloud or an unjust gain to CH2M

Hill.

5. <u>Instruction 3.2.11 (was 3.2.12) - Unjust Enrichment - Defined</u> - Instruction has been redrafted to track the *DCB Construction* case, which articulates the elements for establishing unjust enrichment slightly differently than the *Cablevision* case. The new version of the instruction is based on Stipulated Instructions 3.6.3 and 3.6.5 from the parties' original proposed instructions on the Unjust Enrichment claim/counterclaim.

6. <u>Instruction 3.2.12 (Reasonable Royalty as Alternative Damages)</u> - Defendants yesterday submitted a Proposed Revision to my 2/28/07 revision of their original proposed instruction on Reasonable Royalty. Defendants' proposal includes the requirement that, in order to obtain a lump-sum license fee as the measure for a "reasonable royalty," the jury must first consider whether the parties *would have agreed* to a lump-sum license structure (either because of their negotiations or because such structures were common in the industry at the time of the misappropriation) before the jury proceeds to calculate the amount of any lump-sum fee to which Virtual Cloud is entitled. While I agree with Virtual Cloud that being common in the industry is not a threshold to recovery for a lump-sum royalty, I also agree that it is Virtual Cloud's burden, as Plaintiff, to establish both that a lump-sum, rather than running, royalty is what the parties would have agreed to at the time of CH2M Hill's misappropriation and the amount such a lump-sum royalty was likely to have been. Accordingly, Defendants' Proposed Revision to Instruction 3.2.13 is APPROVED.

7. <u>Instruction 3.3.5 - "Intentional" and "Improper" Interference - Defined</u>.

The dispute on this instruction centered on the definition of "intentional" included in my 2/26/07 Draft. Specifically, the definition of "intentional" I use in tortious interference cases requires that a defendant "desires" to bring the interference about or "knows that the interference is certain or substantially certain to occur as a result of his actions." My definition is based on § 8 of the Restatement (2d) of Torts, which is incorporated as the *mens rea* standard for "interference" in Restatement § 766 (intentional interference with contract) at comment j and § 766B (intentional interference with prospective business relations) at comment d, both of which form the basis for either cause of action in Colorado. While it is true that the relevant Colorado pattern jury instruction articulates interference in this context as acting for the purpose of bringing about a particular result or knowledge that one's acts or words are "likely to bring about that result," *see* C.J.I. Civ. 4th 24:2 (defining intentional conduct in intentional interference with contract context), I find the articulation in error. I note the Committee cites § 766, comment j, as a source for its standard, and that comment, and its invocation of the "certain or substantially certain" standard, could not be more clear. Moreover, a review of the two cases cited by the Committee as authority for the CJI standard reveals that neither is in conflict with the Restatement standard nor supports the deviation from it (if it indeed, is a deviation) set forth in the pattern instruction. *See Watson v. Settlemeyer*, 372 P.2d 453, 456 (Colo. 1962)(defendant liable for results "which followed his course of conduct leading to the termination of [plaintiff's] sales agency contract").[1] Whether there is any

---

[1] The second case, *Rinnander v. Denver Milk Producers*, 166 P.2d 984 (Colo. 1946), involved a dairy farmer's liability for inducing another farmer to break his marketing contract in

practical difference for proof purposes between demonstrating a defendant's knowledge that interference is "substantially certain," versus "likely," to occur from his conduct is open to debate, but the standard, itself, is clearly articulated in the Restatement.

Dated March 1, 2007.                                  **s/John L. Kane**
                                                      Senior U.S. District Judge

---

violation of an old Colorado statute protecting milk co-operative marketing associations against unlawful interference, and dealt with defendant's assertion that proof of actual, subjective knowledge, rather than constructive knowledge, was necessary for liability. The Colorado Supreme Court rejected defendant's contention, finding the facts as determined by the trial court sufficient to impute actual knowledge to him.