IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **02-cv-01004-JLK-BNB**

**VIRTUAL CLOUD SERVICES, INC.**,

    Plaintiff,

v.

**CH2M HILL, INC., a Florida corporation, and TIMOTHY INGRAM**,

    Defendants.

## ORDER ON MOTIONS FOR COSTS AND FOR ENTRY OF JUDGMENT

Kane, J.

This matter is before me post-verdict on the parties' respective Motions for Costs (Doc. 340 (Virtual Cloud's) and 341 (Defendants')). The trial resulted in a mixed verdict in which the jury rejected some of Plaintiff's claims and found in Plaintiff's favor on others, but awarded Plaintiff only nominal damages in the amount of one dollar against each of the two named Defendants. The parties agree Defendants are entitled to their costs *after* February 16, 2007, the date on which Defendants' served Virtual Cloud with an offer of judgment under Fed. R. Civ. P. Rule 68, but disagree in light of the mixed verdict as to which between them is entitled to costs as the prevailing party under Fed. R. Civ. P. Rule 54(d).

I have reviewed the parties' submissions and the authority cited therein. Given the history and outcome of this litigation, and mindful of the give and take exhibited by both

parties in the pursuit or their various claims and counterclaims over time, I decline to award costs predating February 16, 2007, to either side. Instead, I order each party to bear its own costs accrued in this litigation up to February 16, 2007. Judgment shall enter on the jury's April 3, 2007 verdicts accordingly.

While consideration of an award of costs accrued by Defendants after the February 16, 2007 offer of judgment pursuant to Fed. R. Civ. P. 68 should technically await entry of final judgment so that the judgment offered and the judgment ultimately obtained may be compared, in light of the parties' agreement and my Order for Entry of Judgment, I will grant Defendants' request for any such costs obtainable under the Rule. Disputes regarding what costs are recoverable by Defendants under the facts and circumstances of this case, as well as the reasonableness of their amount, will be referred to Magistrate Judge Boland. In seeking and obtaining costs in accordance with Rule 68, however, I refer the parties to the Supreme Court's ruling in *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981), which provides that the cost-shifting provisions of Rule 68 *do not apply* where the defendant offeror prevails rather than the plaintiff offeree. *See generally* 12A C.Wright, A. Miller & R. Marcus, *Federal Practice and Procedure: Civil 2d* § 3006 (2d ed. West 1997). Accordingly, Defendants shall recover only those costs associated with Virtual Cloud's breach of contract claims for which judgment in the amount of $1 enters.[1]

Based on the foregoing,

---

[1] How and why the parties could not resolve the Rule 68 cost issue informally is disheartening but not, given the tenor of these proceedings throughout their long history, unexpected. Nevertheless, my referral to Magistrate Judge Boland will include authority to convene settlement conferences at any named party's request.

1. Virtual Cloud's *Motion for Award of Costs* (Doc. 340) filed April 30, 2007, is **DENIED**.

2. **JUDGMENT SHALL ENTER** in favor of Defendants and against Plaintiff on each of Plaintiff's claims except Plaintiff's breach of contract claim against CH2M Hill based on the mutual nondisclosure agreement and Plaintiff's breach of contract claim against Timothy Ingram. On the breach of contract claim against CH2M Hill based on the mutual nondisclosure agreement, judgment shall enter in favor of Virtual Cloud and against CH2M Hill in the amount of $1. On the breach of contract claim against Ingram, judgment shall enter in favor of Virtual Cloud and against Timothy Ingram in the amount of $1. The parties shall bear their own costs associated with the litigation up to and including February 15, 2007.

3. Defendants' *Motion for Award of Costs Pursuant to Fed. R. Civ. P. 68 and Submission of Authority in Support of Award of Costs Pursuant to Fed. R. Civ. P. 54(d)* (Doc. 341) is **GRANTED** in part and **DENIED** in part. On the claims on which Plaintiff prevailed but on which the judgment finally obtained was not more favorable than the offer, Defendants shall have any applicable costs in accordance with Fed. R. Civ. P. 68 accrued from the date of the offer on February 16, 2007 through the date of the jury's verdict. Defendants' request for costs dating from the inception of this case through February 15, 2007, is **DENIED.**

Dated: June 22, 2007.                    *s/John L. Kane*
                                         SENIOR U.S. DISTRICT JUDGE