IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No.  **02-cv-01004-JLK-BNB**

**VIRTUAL CLOUD SERVICES, INC.**, a Colorado corporation,

     Plaintiff,

v.

**CH2M HILL, INC.,** a Florida corporation, and
**TIMOTHY INGRAM**,

     Defendants.

---

# ORDER

---

**Kane, J.**

    This matter is before me on the following post-judgment motions: (1) Defendants'

Renewed Motion for Judgment as a Matter of Law (Doc 353); (2) Defendants' Motion to

Amend June 22, 2007 Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc 356); and (3) the

parties' cross-motions for Review of Costs Taxed (Doc. 370, 371).  With the exception of

the first motion, which is premised on the evidentiary sufficiency of the jury's verdict

under the standards articulated at Fed. R. Civ. P. 50(b), these motions are concerned with

the allocation of costs in light of Defendants' Rule 68 offer of judgment, and specifically

with the determination, in my June 22, 2007 Order on Motions for Costs and for Entry of

Judgment (Doc. 350), that Defendants should recover only those costs associated with the

two claims for which Plaintiffs obtained a judgment.  Having reviewed the parties' briefs

and the relevant legal authority, and being fully apprised of the facts and circumstances of

this case, I issue the following rulings:

1.    Defendants' Renewed Motion for Judgment as a Matter of Law (Doc. 353) is

DENIED.  Defendants, who prevailed on all but two of Plaintiff's original ten

claims for relief against them, and those being solely for nominal damages in the

amount of $1 each, have preserved their rights in the event a cross-appeal becomes

appropriate.  The jury's verdicts on the two claims on which Plaintiff prevailed

were supported by sufficient evidence to avoid judgment as a matter of law under

the standards set forth at Fed. R. Civ. P. 50.

2.    As set forth in my June 22, 2007 Order on Motions for Costs and ensuing Order of

Reference to Magistrate Judge, I intended that disputes regarding what costs are

recoverable under Rule 68 be referred to Magistrate Judge Boland for

determination.  However, given Defendants' Rule 59(e) Motion urging me to

reconsider my determination that Defendants' recoverable costs under Rule 68

should be limited to those claims on which Plaintiffs prevailed, Magistrate Judge

Boland stayed further proceedings on my referral pending my ruling on that

Motion.  *See* BNB Order dated 8/6/07 (Doc. 373).

In their Rule 59(e) Motion to Amend, Defendants invoke the "mandatory"

language of Rule 68 as well as *Delta Airlines, Inc. v. August*, 450 U.S. 346 (1981)

and its progeny to argue Rule 68 is an all-or-nothing rule that precludes any

exercise of discretion in a mixed-verdict case.   While further exegesis of the

question might support the technical accuracy of Defendants' position, I observe

that my June 22 Order was the product of a balancing of the equities in this hard-fought case and an exercise of my discretion under Rule 54(d) *not* to award the Plaintiff – as the "prevailing party" on two of the five claims that went to the jury – its costs incurred *before* Defendants' Rule 68 offer.  *See* Order (Doc. 350) at 1-2.

 Were I to amend the Judgment entered pursuant to my June 22, 2007 Order in accordance with Defendants' interpretation of Rule 68, I would likely amend it also to award Plaintiff its costs, as the "prevailing party," predating Defendants' offer of judgment.  Defendants would be hard pressed to invoke Plaintiff's "win" on two of the five claims that proceeded to the jury to secure the "mandatory" benefits of Rule 68's cost-shifting provisions while at the same time negating Plaintiff's status as the "prevailing party" for purposes of the equally "mandatory" cost-shifting provisions of Rule 54(d).

Accordingly, and in a final effort to encourage the parties and their counsel to sit down and resolve the costs issue informally, I ORDER that Defendants' Motion to Amend June 22, 2007 Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 356), together with the parties' cross-motions to Review Costs Taxed (Docs. 370, 371), are HELD IN ABEYANCE until such time as the Magistrate Judge convenes a settlement conference in accordance with my June 22 Order of Reference.  The parties are ORDERED to attend such conference and proceed in good faith to resolve the cost issues raised.  Should the parties be unable to resolve the issue of costs in this case informally, I will set the matter for hearing with the understanding that any resulting order amending the June 22, 2007

judgment in this case will involve the reconsideration of the entirety of rulings on costs, including my decision not to award Plaintiff its costs under Rule 54(d).

The parties shall submit a joint status report within ten (10) days of the settlement conference with Magistrate Judge Boland.

Dated August 21, 2007.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE